IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|  |  |  |
|---|---|---|
| PAMELA MOSES, | X | |
| Plaintiff, | X | |
| vs. | X | No. 12-2441-JFM-dkv |
| PIER 1 IMPORTS, et al., | X | |
| Defendants. | X | |

---

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

---

On June 25, 2012, Plaintiff Pamela Moses filed a motion for appointment of counsel. (Docket Entry ("D.E.") 7.) Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003); see also Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "'a privilege that is justified only by exceptional

circumstances.'" Lavado, 992 F.2d at 606 (quoting Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)).

> In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." Archie v. Christian, 812 F.2d 250, 253 (5th Cir. 1987); see also Poindexter v. FBI, 737 F.2d 1173, 1185 (D.C. Cir. 1984). This generally involves a determination of the "complexity of the factual and legal issues involved." Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986).

Id. at 606.[1] Appointment of counsel is not appropriate when a pro se litigant's claims are frivolous or when her chances of success are extremely slim. Id. (citing Mars v. Hanberry, 752 F.2d 254, 256 (6th Cir. 1985)); see also Cleary v. Mukasey, 307 F. App'x 963, 965 (6th Cir. 2009) (same).[2]

Plaintiff has not satisfied her burden of demonstrating that appointment of counsel would be appropriate in this case. Nothing in Plaintiff's motion distinguishes this case from numerous other cases litigated by pro se litigants who are untrained in the law. The motion for appointment of counsel is DENIED.

IT IS SO ORDERED this 2/ day of July, 2012.

/s/ J. Frederick Motz
J. Frederick Motz
United States District Judge

August 2, 2012

---

[1] A plaintiff is not entitled to an evidentiary hearing on the issue. Sutton v. Small Bus. Admin., 92 F. App'x 112, 116 (6th Cir. 2003).

[2] These factors are important, because § 1915(e)(1) "does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Ct., 490 U.S. 296, 310 (1989).

Case 2:12-cv-02441-JFM-dkv   Document 8   Filed 08/08/12   Page 4 of 4   PageID 46