IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS

_____

| | | |
|---|---|---|
| PAMELA MOSES | ) | |
| Pro Se, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:12-cv-02441-JFM-dkv |
| | ) | JURY DEMAND |
| PIER ONE IMPORTS, INC., | ) | |
| STEPHANIE DILDAY and JANE DOE | ) | Judge Motz |
| JOHN DOE, BUSINESS LICENSE # | ) | |
| 200937 DOES1-43, INCLUSIVE | ) | Magistrate Judge Vescovo |
| | ) | |
| Defendants. | ) | |

_____

**REPLY BRIEF IN SUPPORT OF PIER ONE IMPORTS, INC.'S
MOTION FOR SUMMARY JUDGMENT**

_____

## I. INTRODUCTION

The Defendant, Pier 1 Imports (U.S.), Inc. (improperly named in the Complaint as "Pier One Imports, Inc." and sometimes hereinafter referred to herein as "Pier 1 Imports"), pursuant to Rules 12, 54 and 56 of the Federal Rules of Civil Procedure, has filed a Motion for Summary Judgment, supported by a Statement of Uncontested Facts.  Plaintiff has filed a Response to Motion for Summary Judgment ("the Summary Judgment Response").   In the Summary Judgment Response, the Plaintiff alleges that she has asserted valid claims stating as follows:

      1.     "Plaintiff is not claiming the arrest was the proximate cause of her injuries." (Docket No. 12, Summary Judgment Response, p. 4).

      2.     "The arrest was a retaliation to the comment and contact made by Plaintiff in regards to reporting Dilday to the corporate office.  The arrest was a subsequent

cause of the emotional distress generated from the malicious prosecution; to the proximate cause of the injury that occurred on the premises of Pier 1 Imports, at the hands of employee/manager Stephanie Dilday." (Document No. 12, Summary Judgment Response, p. 7).

There was nothing improper regarding Pier 1 Imports investigating a suspected shoplifting. Plaintiff was not arrested for shoplifting. Defendant Pier 1 Imports had no role in the filing and/or the prosecution of the criminal charges against the Plaintiff. Furthermore, the criminal charges resulted from an investigation by police authorities which resulted in a determination that there was probable cause to believe that the Plaintiff was guilty of assault and the issuance of a warrant for Plaintiff's arrest. Therefore, there is no genuine issue relating to any material fact, and Defendant Pier 1 Imports is entitled to judgment as a matter of law.

## II. <u>ARGUMENT</u>

A.   <u>Defendant Pier 1 Imports Is Entitled to Investigate Suspected Shoplifting.</u>

Plaintiff's Complaint contains factual allegations in support of her claim as follows:

8.    After leaving the store she was approached and arbitrarily and capriciously stopped by a Caucasian woman who demanded to see her purse because of accusations of theft. Ms. Moses was shocked to the request and proceeded to her vehicle, calmly. Once Ms. Moses was getting inside her car the lady had followed her to throught (sic) the parking lot to her vehicle and continued to demand to have Ms. Moses's purse. Ms. Moses opened her purse to show the lady their was nothing in her purse and then Ms. Moses' informed the lady that she would be contacting the store's corporate and she would be terminated for the false accusation she had made in public against her.

Assuming the allegations of the Plaintiff to be true, no cause of action is stated.

Personal observations constitute probable cause to suspect that a person has committed or is attempting to commit the offense of theft. T.C.A. §40-7-116(b). A business owner has a right to investigate suspected shoplifting. T.C.A. §40-7-116. In fact, a business owner may use force

to restrain a person suspected of shoplifting.  T.C.A. §40-7-116(d).  In this case, the investigation was based on reported observations of a store employee as well as observations of Stephanie Dilday.  (See, Incident Report, Document No. 11-2, p. 6).

Plaintiff alleges that the Plaintiff "calmly" was proceeding to Plaintiff's vehicle.  The Pier 1 Import employee requested that the Plaintiff open her purse.  The Plaintiff alleges that the Plaintiff opened her purse, showed that there was nothing in the purse, and then left the premises. These allegations do not state a cause of action against Pier 1 Imports based on the alleged actions taken by the employee of Pier 1 Imports in investigating alleged shoplifting.

B.      An Arrest Based on Police Investigation and a Judicial Warrant Does Not Support a Claim of False Arrest and/or Malicious Prosecution.

As noted above, personal observations constitute probable cause to suspect that a person is guilty of shoplifting.  In this case, another store employee reported to the Store Manager that Plaintiff was observed shoplifting.  (See Incident Report, Document No. 11-2, p. 6).  Therefore, there were reasonable grounds to believe that the Plaintiff was guilty of shoplifting.

Relating to the arrest of the Plaintiff, Stephanie Dilday reported the information relating to the assault to the police.  The police investigated the incident and determined that there was probable cause to believe that the Plaintiff was guilty of shoplifting.  The police officer reported the information to the judge, who determined that there was probable cause to believe that the Plaintiff was guilty of assault, and the judge issued a warrant for the arrest of the Plaintiff. (Complaint, ¶10).  The information was presented to the Grand Jury, who determined that there was probable cause to believe that the Plaintiff was guilty of assault.  (See Grand Jury True Bill, Document No. 11-2, pp. 10-12).

Neither Pier 1 Imports, nor its employee, may be held criminally or civilly liable for any legal action relating to the detention, questioning or arrest of the Plaintiff.  T.C.A. §40-7-116(c).

- 3 -

In this case, relating to the shoplifting issue, based on the Plaintiff's allegations, Pier 1 Imports simply asked the Plaintiff to open her purse. The Plaintiff does not even allege that she was detained by Pier 1 Imports relating to shoplifting.

Relating to the arrest for assault, the arrest was pursuant to an arrest warrant after a determination of probable cause by the judge. Therefore, there is no basis for a claim of false arrest and/or malicious prosecution.

      C.     <u>Pier 1 Imports Played No Role in the Prosecution Of Plaintiff for Assault.</u>

In this case, there is no dispute that the prosecution of the Plaintiff was by the State of Tennessee at the request of Stephanie Dilday. Defendant Pier 1 Imports had no involvement in said prosecution. Therefore, even if there is a basis for a claim relating to the arrest of the Plaintiff, there would still be no basis for any claim against Pier 1 Imports.

In this case, the Plaintiff has made no allegations which would support any claim against Defendant Pier 1 Imports. As the Plaintiff has failed to provide proof regarding an essential element of her claim, summary judgment should be granted in favor of Pier 1 Imports.

## IV. **CONCLUSION**

Plaintiff has failed to come forward with any evidence that would create a genuine issue of material fact as to her claims asserted against Pier 1 Imports. For a false imprisonment/malicious prosecution claim to succeed, the claimant must prove that the defendant was involved in said prosecution. In this case, Plaintiff can provide no proof to establish this element of her claim.

WHEREFORE, for the foregoing reasons, the Defendant Pier 1 Imports moves this Court for entry of an order granting summary judgment in its favor and dismissing with prejudice all of Plaintiff's claims asserted in this action against Defendant Pier 1 Imports.

Respectfully submitted,

GONZALEZ, SAGGIO & HARLAN, LLP

_____/s/ Cyrus L. Booker_____
Cyrus L. Booker, No. 10747
Attorneys for Pier 1 Imports
1720 West End Avenue, Suite 640
Nashville, Tennessee  37203
(615) 815-1634

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was forwarded by first class mail, postage prepaid to **Pamela Moses,** Pro Se, P.O. Box 80564, Memphis, Tennessee 38108 on the 9th day of November, 2012.

_____/s/ Cyrus L. Booker_____
Cyrus L. Booker