IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS

| | | |
|---|---|---|
| PAMELA MOSES ) | | |
| Pro Se, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | Civil Action No. 2:12-cv-02441-JFM-dkv |
| ) | | JURY DEMAND |
| PIER ONE IMPORTS, INC., ) | | |
| STEPHANIE DILDAY and JANE DOE ) | | Judge Motz |
| JOHN DOE, BUSINESS LICENSE # ) | | |
| 200937 DOES1-43, INCLUSIVE ) | | Magistrate Judge Vescovo |
| ) | | |
| Defendants. ) | | |

**SUR-SUR-REPLY BRIEF IN SUPPORT OF PIER ONE IMPORTS, INC.'S
MOTION FOR SUMMARY JUDGMENT**

The Defendant, Pier 1 Imports (U.S.), Inc. (improperly named in the Complaint as "Pier One Imports, Inc." and sometimes hereinafter referred to herein as "Pier 1 Imports"), pursuant to Rules 12, 54 and 56 of the Federal Rules of Civil Procedure, has filed a Motion for Summary Judgment, supported by a Statement of Uncontested Facts. Plaintiff has twice responded to the summary judgment motion. Nothing submitted by the Plaintiff provides sufficient justification for the denial of the Defendant's summary judgment motion.

The facts, taking the factual allegations of the Plaintiff's Complaint as true for purposes of the pending summary judgment motion, are undisputed. The facts alleged are that an employee of the Defendant Pier I Imports demanded to see inside Plaintiff's purse because of accusations of theft, and that Plaintiff proceeded to her vehicle calmly, and then once Plaintiff was inside Plaintiff's vehicle, Plaintiff opened her purse to show the lady there was nothing in

Plaintiff's purse. (Complaint, ¶8). Subsequently, criminal charges for assault were made against the Plaintiff by Stephanie Dilday. (Uncontested Facts, No. 4). A Grand Jury found that there was probable cause relating to the assault charge. (Uncontested Facts, No. 6). These facts do not state a cause of action against Defendant Pier 1 Imports.

There was nothing improper regarding Pier 1 Imports investigating a suspected shoplifting. Personal observations constitute probable cause to suspect that a person has committed or is attempting to commit the offense of theft. T.C.A. §40-7-116(b). A business owner has a right to investigate suspected shoplifting. T.C.A. §40-7-116. In fact, a business owner may use force to detain a person suspected of shoplifting. T.C.A. §40-7-116(d). In this case, the investigation was based on reported observations of a store employee as well as observations of Stephanie Dilday. (See, Incident Report, Document No. 11-2, p. 6). Neither Pier 1 Imports, nor its employee, may be held criminally or civilly liable for any legal action relating to the detention or questioning of the Plaintiff for suspected shoplifting. T.C.A. §40-7-116(c). In this case, relating to the shoplifting issue, based on the Plaintiff's allegations, Pier 1 Imports simply asked the Plaintiff to open her purse. The Plaintiff does not even allege that she was detained by Pier 1 Imports relating to shoplifting. By Plaintiff's own admission, the Plaintiff was not detained, but instead the Plaintiff "proceeded to her vehicle, calmly."

Defendant Pier 1 Imports had no role in the filing and/or the prosecution of the criminal charges against the Plaintiff. It is undisputed that the Plaintiff was arrested for assault. (Uncontested Facts, No. 3). Plaintiff did not assault Pier 1 Imports, and it is undisputed that the criminal charges against the Plaintiff were made by Stephanie Dilday. (Uncontested Facts, No. 4). Plaintiff contends that "The Collierville Police conducted a substandard investigation based on the false information provided by former employee Dilday, they chose to issue a warrant for

- 3 -

Plaintiffs arrest…." (Plaintiffs Response to Defendants Reply Brief, p. 2). The undisputed facts are that the police investigated the incident and determined that there was probable cause to believe that the Plaintiff was guilty of assault. The police officer reported the information to the judge, who determined that there was probable cause to believe that the Plaintiff was guilty of assault, and the judge issued a warrant for the arrest of the Plaintiff. (Complaint, ¶10). The information was presented to the Grand Jury, who determined that there was probable cause to believe that the Plaintiff was guilty of assault. (Uncontested Facts, No. 6).

In this case, the Plaintiff has made no allegations which would support any claim against Defendant Pier 1 Imports. For a false imprisonment/malicious prosecution claim to succeed, the claimant must prove that the defendant was involved in said prosecution. In this case, Plaintiff can provide no proof to establish this element of her claim. The Plaintiff cannot overcome this deficiency by alleging that "Plaintiff is not claiming that the arrest was the proximate cause of her injuries." (Plaintiff's Response to Summary Judgment Motion, p. 4).

As the Plaintiff has failed to provide proof regarding an essential element of her claim, summary judgment should be granted in favor of Defendant Pier 1 Imports. In this regard, there is no genuine issue relating to any material fact, and Defendant Pier 1 Imports is entitled to judgment as a matter of law.

    Respectfully submitted,

    GONZALEZ, SAGGIO & HARLAN, LLP

    _____/s/ Cyrus L. Booker_____
    Cyrus L. Booker, No. 10747
    Attorneys for Pier 1 Imports
    1720 West End Avenue, Suite 640
    Nashville, Tennessee  37203
    (615) 815-1634

- 4 -

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing was forwarded by first class mail, postage prepaid to **Pamela Moses,** Pro Se, P.O. Box 80564, Memphis, Tennessee 38108 on the 30th day of November, 2012.

                                        /s/ Cyrus L. Booker
                                        Cyrus L. Booker